UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ---------------------------------------------------------------------- X
                                                                    )
AMERICAN FEDERATION OF GOVERNMENT                                    )
EMPLOYEES, LOCAL 3369,                                               )
                                                                    )
                                        Plaintiff,                   )          Case No. 23 Civ. 3595 (JHR)
                                                                    )
                              v.                                    )
                                                                    )
SOCIAL SECURITY ADMINISTRATION,                                     )
                                                                    )
                                        Defendant.                  )
                                                                    )
 ---------------------------------------------------------------------- X


**PLAINTIFF'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND FOR
SUMMARY JUDGMENT**

Laine A. Armstrong
Attorney for the Plaintiff
Advocates for Justice Chartered
225 Broadway, Suite 1902
New York, New York 10007
Telephone:  (212) 285-1400
x107
Facsimile:  (212)285-1410
Email:  laine@advocatesny.com

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES................................................................................................ ii

PRELIMINARY STATEMENT........................................................................................ 1

STATEMENT OF THE FACTS....................................................................................... 1

STANDARD OF REVIEW ............................................................................................. 5

ARGUMENT .................................................................................................................. 7

   POINT I:  Defendant's Motion Fails to Present a Statement of Uncontested Material Fact ...... 7

   POINT II:  Defendant's Supporting Affidavit Fails To Adequately Support Their Claimed
   Exemptions From Production Under FOIA ................................................................. 8

     A.  Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 3
     Is Unsupported ................................................................................................. 9

     B.  Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 5
     Is Unsupported .................................................................................................11

     C.  Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 2
     Is Unsupported ............................................................................................... 12

     D.  *In Camera* Review Would Be Warranted by the Court ................................. 12

   POINT III:  Defendant's Rule 12(b)(6) Motion to Dismiss Is Wholly Unsupported ............... 12

CONCLUSION............................................................................................................... 13

## **TABLE OF AUTHORITIES**

### **Cases**

Allen v. Georgetown Univ., 734 A.2d 1103, 1109 (D.C. 1999)...................................................... 6

American Federation of Government Employees, AFL-CIO v. Trump, 318 F.Supp.3d 370
  (D.D.C. 2018), reversed and vacated American Federation of Government Employees,
  AFL-CIO v. Trump, 929 F.3d 748 (2019).......................................................................... 2, 3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ......... 5, 6

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................................................ 5

Aulicino v. New York Dept. of Homeless Services, 580 F.3d 73 (2d Cir. 2009).......................... 6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ....................................................................... 5

Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc.,
  922 F.2d 118 (2d Cir. 1990) ........................................................................................... 6

Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)........................ 6

Cox v. DOJ, 504 F.Supp.3d 119 (E.D.N.Y. 2020)................................................................11, 12

Dep't of Air Force v. Rose, 425 U.S. 352 (1976) ......................................................................... 8

Envtl. Prot. Agency v. Mink, 410 U.S. 73 (1973) ........................................................................ 8

Fincher v. County of Westchester, 979 F.Supp. 989 (S.D.N.Y. 1997) ......................................... 6

Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473 (2d Cir. 1999)................................................ 9

Halpern v. F.B.I., 181 F.3d 279 (2d Cir. 1999)............................................................................ 9

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009)................................................................................. 5

John Doe Agency v. John Doe Corp., 493 U.S. 146 (1989) ......................................................... 8

Johnson v. Rowley, 569 F.3d 40 (2d Cir. 2009) .......................................................................... 5

Laguerre v. National Grid, 222 WL 728819 (2d Cir. 2022)......................................................... 6

Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542 (2d Cir. 2016)........................... 8

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348,
  89 L.Ed.2d 538 (1986)..................................................................................................... 6

Muchnick v. Dep't of Homeland Sec., 225 F. Supp. 3D 10169 (N.D. Cal. 2016) ......................... 8

Navigators Ins. Co. v. Dep't of Justice, 155 F. Supp. 3d 157 (D. Conn. 2016) ............................ 9

Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) ............................................................... 8, 10, 12

Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996) ...................................................................................... 6

## Statutes

5 U.S.C. § 552(a)(4)(B) ........................................................................................................................ 8

## Other Authorities

Executive Order 13837 ......................................................................................................................... 2

Executive Order 14003 – *Protecting the Federal Worker* ..................................................... passim

Office of Personnel Management, *Guidance for Implementation of Executive Order 14003 - Protecting the Federal Workforce* .................................................................................. 3, 4, 10

## Rules

F.R.C.P. 12(b)(6) .............................................................................................................................. 1, 5

F.R.C.P. 56(e) ...................................................................................................................................... 6

F.R.C.P. Rule 56 ................................................................................................................................... 1

Local Rule 56.1 ................................................................................................................................ 1, 7

## PRELIMINARY STATEMENT

Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(6) and Rule 56. Defendant fails to articulate at all how Plaintiff's factual pleadings fail to state a claim upon which relief may be granted under Rule 12(b)(6); their motion papers exclusively point to dismissal under Rule 56—summary judgment. Unfortunately, their Rule 56 motion does not provide a statement of undisputed material facts that might form the basis of that motion as required by this Court under Local Rule 56.1. On that basis alone this pre-discovery motion for summary judgment should be denied. Additionally, the "undisputed material facts," such as they are cited from Plaintiff's supporting affidavit, fail to rebut the factual allegations as pleaded in the Complaint or to establish that the requested documents fall under any of the claimed exemptions to production under FOIA, with the specificity required by this Court. That is, there are issues of material fact in this action pertaining to how post-collective bargaining communications can concern collective bargaining and how pre-Guidance communications can involve a deliberative process privilege that is predicated on implementation of an Executive Order—these are matters that beg discovery and resolution over the normal course of litigation. At the least, this Court should review the documents *in camera* if it finds any merit to Defendant's argument for summary judgment.

## STATEMENT OF THE FACTS

The American Federation of Government Employees Local 3369 (hereinafter referred to as "Plaintiff"/"AFGE Local 3369"), is the collective bargaining representative for over one-thousand (1,000) Social Security Administration (hereinafter referred to as "Defendant"/"SSA") employees working in forty-one (41) field offices in the five (5) boroughs of New York City, Westchester, Nassau and Suffolk counties. Since at least 1992, the Plaintiff occupied, without

1

interruption, office space in the Flushing, New York field office. The Plaintiff AFGE Local 3369 is a member of AFGE Council 220, which represents all SSA field office employees nationally.

In May 2017 President Trump issued three (3) anti-union/union-busting Executive Orders, designated as 13836, 13837 and 13839.  These Executive Orders were designed to minimize the effectiveness of federal employee unions, and put a distance between federal employee unions and the federal employees they represent.  This was specifically attempted by implementing Executive Order 13837 which, among other things, limited federal employee unions to one (1) hour of representation per employee per year; and evicting federal employee unions from the office space they occupied for decades in federal buildings. In real terms, official union time hours for the purpose of representing all Defendant SSA's field office employees were reduced from 270,000 hours per year to less than 41,000 hours per year.  And, in addition to eviction from union office space in federal buildings, the gap between the Plaintiff and its members was further widened by Executive Order 13837's mandate that access to all electronic, telephonic, wired, wireless and digital communication between federal employee unions and the federal employees they represent be immediately discontinued.  See American Federation of Government Employees, AFL-CIO v. Trump, 318 F.Supp.3d 370, 388 (D.D.C. 2018), reversed and vacated American Federation of Government Employees, AFL-CIO v. Trump, 929 F.3d 748 (2019).

On August 25, 2018, now Supreme Court Justice Ketanji Brown Jackson, for the United States District Court for the District of Columbia, struck down the Executive Orders including the relevant Executive Order 13837.  Id.  Judge Jackson ruled that the Trump Executive Orders were unconstitutional and not in compliance with the law.  Following Judge Jackson's decision, AFGE Council 220 and the Defendant entered negotiations for a new collective bargaining

agreement as the 2012 collective bargaining agreement had expired.  See Amended Complaint ("Complaint") ¶¶ 33-35.  However, the decision of Judge Ketanji Brown Jackson was short lived when on or about September 25, 2019, the District of Columbia Circuit Court of Appeals reversed the District Court decision, and reimposed the three (3) union-busting Trump Executive Orders. American Federation of Government Employees, AFL-CIO v. Trump, 929 F.3d 748 (2019).  Negotiations between AFGE Council 220 and Defendant for a new collective bargaining agreement were ongoing around the time Justice Jackson issued her ruling and the pendency of the appeal of that decision.  After Justice Jackson's decision was vacated, the Defendant gave AFGE Council 220 the choice to either accept its terms for a new collective bargaining agreement, which limited execution of some of the provisions of the Trump Executive Orders, or have the Trump Executive Orders, in their entirety, imposed on AFGE Council 220 and its affiliate locals. Faced with the more onerous Trump Executive Orders, AFGE Council 220 agreed to the Defendant's imposed terms and conditions of employment, which did not include union office space for each local, pursuant to the Trump Executive Orders, as all prior collective bargaining agreements had done.  Complaint ¶¶ 33-35.

On January 22, 2021, one day after his inauguration, President Joe Biden signed and issued Executive Order 14003 – *Protecting the Federal Worker*.  See 86 FR 7231.  This Executive Order revoked and rescinded former President Trump's union-busting Executive Orders, including Executive Order 13937.  Complaint ¶ 4.  On March 5, 2021, the Office of Personnel Management issued its *Guidance for Implementation of Executive Order 14003 - Protecting the Federal Workforce.*  The *Guidance* addressed all three (3) Trump Executive Orders at issue herein and directed all federal agency heads to revisit and identify any changes in policy or collective bargaining agreements that reflected implementation of the three (3)

rescinded Trump Executive Orders. The *Guidance* further directed federal agency heads to "...engage the impacted unions as soon as possible," and that once done, and "as soon as practicable suspend, revise or rescind the actions covered in any agency policy."  As indicated below, this would include restoration of union office space.  Complaint ¶¶ 29-32.

Between the dates of January 22, 2021 and March 5, 2021, federal government agencies were "frozen in place" with only the Trump Executive Orders being rescinded.  As in the case of all Executive Orders involving the Office of Personnel Management (OPM), Executive Orders are not implemented until such time as OPM issues its *Guidance.* Put simply, an Executive Order without a *Guidance* being issued is like a box of IKEA furniture without the instructions.  What is more, there is nothing for a federal agency to do with an Executive Order such as 14003 prior to the publication of the pending *Guidance.*

In March 2021 Plaintiff AFGE Local 3369, pursuant to the Guidance as it pertained to union office space, made a request of the Flushing Area District Manager to restore the union office space from which the Plaintiff was evicted as a result of Executive Order 13837. This request was denied.  Complaint ¶ 36.

In response to a subpoena for records filed served during the course of a grievance involving the above disputes, SSA produced an Agency Privilege Log.  The Agency's Privilege Log contains six (6) emails, four (4) of which were written by the top three (3) SSA officials responsible for the Office of Labor Management & Employee Relations ("OLMER"); and two (2) of which OLMER is designated as the author.  Each email designated Executive Order 14003 and the Guidance as the Subject Matter of the email with the Explanation being "Internal Guidance", all but two (2) were written before the official Guidance was published by OPM on March 5, 2021.  The earliest email listed on the Agency's Privilege Log is dated January 25,

2021, just three (3) days after the issuance of Executive Order 14003. Subsequent emails on the Agency's Privilege Log are dated February 3, February 9, March 17 and March 19, 2021, with one date marked as "unknown."  Complaint ¶¶ 37-42.

At the time the first email contained in the Agency's Privilege Log was written, the collective bargaining agreement had already been in effect two (2) years and four (4) months with effective date of October 27, 2019.  And the last email contained in the Agency's Privilege Log was written four (4) years and six (6) months prior to the expiration of the collective bargaining agreement.  Complaint ¶ 41.

## STANDARD OF REVIEW

### Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In applying this standard, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam) (citation omitted).  The Court need not, however, credit "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 663).

### Summary Judgment

Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has

the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party meets this burden, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250, 106 S.Ct. 2505 (quotation and footnote omitted); see Fed.R.Civ.P. 56(e) ("an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading ...").  To meet this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).  "Bald assertions or conjecture unsupported by evidence are insufficient to overcome a motion for summary judgment." Fincher v. County of Westchester, 979 F.Supp. 989, 995 (S.D.N.Y. 1997) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991); Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990)).  The Court, however, must not weigh the evidence but instead is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments[.]" Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996) (citations omitted).  Aulicino v. New York Dept. of Homeless Services, 580 F.3d 73, 83 (2d Cir. 2009) (summary judgment reversed because evidence not viewed in light most favorable to party opposing motion).[1]  See also Laguerre v. National Grid, 222 WL 728819 (2d Cir. 2022) (summary judgment reversed because allowed "conclusory testimony" to stablish "undue hardship" to an employer in ADA case).

---

[1] Defendant's reference to Allen v. Georgetown Univ., 734 A.2d 1103, 1109 (DC 1999), is inapposite, by Defendant's own admission Mr. Bahl was never academically dismissed. See Bruno Dep. 173:8 – 173:20.

## ARGUMENT

## POINT I

## DEFENDANT'S MOTION FAILS TO PRESENT A STATEMENT OF UNCONTESTED MATERIAL FACT

Local Rule 56.1 requires a party moving for summary judgment to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" and requires that each numbered paragraph be supported "by citation to evidence" in the record.  See, e.g., Suares v. Cityscape Tours, Inc., 603 Fed. Appx. 16 (2d Cir. 2015) ("Plaintiff's Local Rule 56.1 statement contained no record citations []. The district court therefore acted within its discretion in denying plaintiff's motion") (internal citations omitted), see also Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules ... [and] is not required to consider what the parties fail to point out in their Local Rule 56.1 statements....") and Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir.2003) (holding that "unsupported assertions [in a Local Rule 56.1 statement] must ... be disregarded").

Defendant failed to make any Rule 56.1 Statement, as such their motion should be denied.  Any assertions of "uncontested material facts" can only be gleaned from the conclusory and contradictory allegations made in the Declaration of Michelle Christ.  See infra.  And that Declaration fails to describe why the requested documents are exempt from FOIA production with the specificity and particularity required by this Court.  See infra.

## POINT II

### DEFENDANT'S SUPPORTING AFFIDAVIT FAILS TO ADEQUATELY SUPPORT THEIR CLAIMED EXEMPTIONS FROM PRODUCTION UNDER FOIA

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."  Muchnick v. Dep't of Homeland Sec., 225 F. Supp. 3D 10169, 1072 (N.D. Cal. 2016).  The United States Supreme Court addressed FOIA in John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989), when it stated:  "The basic purpose of FOIA is to insure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  The Supreme Court observed that "[w]ithout question, FOIA is broadly conceived" and is "animated by a philosophy of full agency disclosure." Id. (quoting Envtl. Prot. Agency v. Mink, 410 U.S. 73, 80 (1973), and Dep't of Air Force v. Rose, 425 U.S. 352, 360-361 (1976), and that it (FOIA) therefor sets a "strong presumption in favor of disclosure." Id. at 1730.

If a requestor believes an agency improperly withheld records subject to disclosure under FOIA, the requestor "may seek an order of production from a district court, which will review the matter de novo, placing the burden on the agency to defend its non-disclosure decisions." Main St. Legal Servs., Inc. v. Nat'l Sec. Council, 811 F.3d 542, 544 (2d Cir. 2016), citing 5 U.S.C. § 552(a)(4)(B)).

In Vaughn v. Rosen, the D.C. Circuit held that agencies must provide more than "conclusory and generalized allegations of exemptions," but rather "relatively detailed analysis in manageable segments" explaining the basis for their claimed exemptions.  Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973).  Consistent with this obligation, an agency will use a "Vaughn index" and/or a "Vaughn affidavit" to outline its claimed exemptions.  A district court may grant summary judgment to an agency based on its affidavits only if they provide a

"reasonable specificity of detail rather than merely conclusory statements" supporting the agency's withholding of records.  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 478 (2d Cir. 1999).  "While there is no set form for a Vaughn index, the agency should describe the documents with as much information as possible without thwarting the exemption's purpose" and "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." Navigators Ins. Co. v. Dep't of Justice, 155 F. Supp. 3d 157, 171 n.13 (D. Conn. 2016). Given its purpose, the Second Circuit has explained that a Vaughn affidavit should provide a "fact-specific justification that either (a) would permit appellant to contest the affidavit in adversarial fashion, or (b) would permit a reviewing court to engage in effective de novo review of the [withheld] information." Halpern v. F.B.I., 181 F.3d 279, 293 (2d Cir. 1999).

A.     **Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 3 Is Unsupported**

Defendant claims that it is exempt from production under FOIA Exemption 3 as the materials in the Privilege log related to "guidance, advice, and counsel directly related to collective bargaining that was ordered by Executive Order 14003."  See Declaration of Michelle Christ ¶ 14.

First, this conclusory description of the documents in the privilege log is inconsistent with the Record.  As outlined above in the Statement of Facts and in the Complaint, there was no pending collective bargaining at the time EO 140003 was issued.  Moreover, there is nothing in EO 14003 or its Guidance that mandated immediate collective bargaining.  The Defendant's assertion that Executive Order 14003 directed federal agencies to immediately engage in collective bargaining in furtherance of that Order is wrong.  Rather, references to collective

bargaining in Executive Order 14003 are generic; and that any "guidance, advise, counsel or training for management officials or supervisors relating to collective bargaining, as per 5 U.S.C. 7114(b)(4)C could only take place after the issuance of the detailed *Guidance of Implementation of Executive Order 14003.* The words "collective bargaining" are referenced only two (2) times in Executive Order 14003.  The first generic use of the words "collective bargaining" is found in **<u>Section 1. Policy</u>** of Executive Order 14003 where it is stated:

> **Section 1. Policy.**  Career civil servants are the backbone of the Federal workforce, providing the expertise and experience necessary for the critical function of the Federal Government.  It is the policy of the United States to protect, empower, and rebuild the career Federal workforce.  It is also the policy of the United States to encourage union organizing and collective bargaining.  The Federal Government should serve as a model employer.

In furtherance of the "policy", above, Section 4 of Executive Order 14003 again makes a generic statement regarding collective bargaining when it states:

> **Sec. 4 Ensuring the Right to Engage in Collective Bargaining**. The head of each agency subject to the provisions of Chapter 71 of title 5, United States Code, shall elect to negotiate the subjects set forth in 5 U.S.C. 7106(b)(1) and shall instruct subordinate officials to do the same.

This provision of the United States Code establishes permissive subjects of bargaining between a federal agency and a labor organization. This means the parties may bargain over these subjects but are not required to do so.

Additionally, the March 2021 *Guidance* does not require immediate collective bargaining, it instead empowered federal agencies to engage in unilateral acts to dismantle the Trump Executive Orders.

Second, the Declaration of Michelle Christ is wholly inadequate as a <u>Vaughn</u> Index or Affidavit.  Declarant Christ identified herself as the Deputy Executive Director for the Office of Privacy and Disclosure for the Defendant SSA.  However, other than correctly describing how to

file a proper FOIA request with SSA, Declarant Christ failed to meet the requirement of <u>Vaughn v. Rosen</u>, 484 F.2d 920, 827 (D.C. Cir. 1973), as she failed to present a list of each record withheld in whole or in part with identifying characteristics such as title, date, addressor/ addressee and general subject matter.  Instead, Declaration Christ simply referred to all of the records under the heading of the Agency's Privilege Log, offering no further information for this Court to ponder or consider.  This generic description of the records requested by the Plaintiff denies the Defendant the ability to justify claims of exemption.  This is noted by Christ's boiler plate justifications which are found word-for-word in the exemptions themselves.  <u>See</u>, <u>e.g.</u>, <u>Cox v. DOJ</u>, 504 F.Supp.3d 119, 151 (E.D.N.Y. 2020) ("While agency affidavits are entitled to a presumption of good faith – especially so in the national security context – these presumptions do not require a court to give the benefit of the doubt to attestations never made. It is the FBI's burden to provide "fact-specific justification[s]" for its withholdings "that either (a)would permit [the FOIA litigant] to contest the affidavit in adversarial fashion, or (b) would permit a reviewing court to engage in effective de novo review of the [withheld] information." So long as the FBI and CIA Vaughn affidavits fail to identify all of the records the FBI withheld, and the CIA only vaguely states that it withheld documents because they contained information related to one (or more) of six specified topics, Cox cannot meaningfully challenge the FBI's exemption one withholdings and the Court cannot meaningfully review them").

**B.**   **<u>Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 5 Is Unsupported</u>**

Defendant next claims that the documents were exempt under the deliberative process privilege as they were "consideration of and guidance on how to proceed in labor related actions and negotiations in light of Executive Order 14003."  Christ Declaration ¶ 18.  As stated above, this is belied by the record—there was no extant collective bargaining and there could have been

no deliberation of policy prior to the issuance of the applicable Guidance—and the Declaration fails to set forth the basis of the claimed exemption with the specificity required by <u>Vaughn</u>.  <u>See</u>, <u>e.g.</u>, <u>Cox</u> at 155 ("The FBI's affidavit adds little to the justification for withholding these notes. The FBI's Vaughn affidavit includes a single paragraph to justify its withholdings pursuant to the exemption five deliberative process privilege …"

**C.**     **<u>Defendant's Claim Production Was Properly Withheld Under FOIA Exemption 2 Is Unsupported</u>**

Defendant next argues the sought-after materials are "related solely to the internal personnel rules and practices of an agency."  Christ Declaration ¶ 19.  This assertion is contradicted by Defendant's other two assertions of exemption, is belied by the timing of the drafting of the documents, and is wholly inadequate to justify exemption under Vaughn and its progeny.  <u>See</u> <u>supra</u>.

**D.**     **<u>*In Camera* Review Would Be Warranted by the Court</u>**

In the alternative, this Court should undertake *in camera* review of the documents Defendant seeks to exempt if it recognizes some merit to Defendant's argument.   The Defendant made no effort at any time to justify withholding the documents requested by the Plaintiff on a "page-by-page or document-by-document basis.   In light of the Defendant's deficiencies an *in camera* review of each document may be determined by this Court.

**<u>POINT III</u>**

**DEFENDANT'S RULE 12(B)(6) MOTION<br>TO DISMISS IS WHOLLY UNSUPPORTED**

Defendant makes no argument asserting any deficiency in Plaintiff's factual pleadings. The entirety of their argument is focused on summary judgment.  Paragraphs 26 through 63 of the Complaint are sufficiently pleaded to state a cause of action.  The entirety of Plaintiff's

argument for summary judgment is predicated on rebutting facts as pleaded in the Complaint with contradictory, conclusory assertions contained in the Christ Declaration.  This is a tacit admission the Complaint is factually pleaded.

## **CONCLUSION**

On the basis of the foregoing, the Court should deny the Defendant's Motion to Dismiss and its alternative request for Summary Judgment.

Dated: New York, New York
      October 24, 2023

                        ADVOCATES FOR JUSTICE,
                        CHARTERED ATTORNEYS
                        Attorneys for Plaintiff

              By: /s/ *Laine A. Armstrong*
                    Laine A. Armstrong
                    225 Broadway, Suite 1902
                    New York, NY 10007
                    Tel:  (212) 285-1400 x107
                    Facsimile:  (212) 285-1410
                    Email:  laine@advocatesny.com